IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELD HANSSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FORD MOTOR COMPANY,<br><br>　　　　Defendant.<br>_____/ | No. C06-01257 MJJ<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

### INTRODUCTION

Before the Court is Defendant Ford Motor Credit Company's ("Ford Credit" or "Defendant") Motion for Summary Judgment.[1] Plaintiff Keld Hansson ("Plaintiff" or "Hansson") opposes the motion. For the following reasons, the Court **DENIES** Defendant's motion.

### PROCEDURAL HISTORY

This action arises under the Fair Debt Collection Practices Act[2] ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act[3] ("RFDCPA") from Defendant's alleged wrongful conduct in connection with the attempted repossession of Plaintiff's automobile.

On February 21, 2006, Plaintiff filed his original verified Complaint asserting two causes of action against Ford Motor Company and Mitchell: (1) violation FDCPA and (2) violation of the

---

[1] Docket No. 43.

[2] 15 U.S.C. § 1692 *et seq.*

[3] Cal. Civ. Code §§ 1788-1788.32.

RFDCPA. On May 23, 2006, the Court held the first case management conference ordering Plaintiff to file any motion to add a third party by June 30, 2006. On June 27, 2006, pursuant to stipulated motion, Plaintiff filed an unverified First Amended Complaint alleging the same two causes of action, adding Stealth as a co-Defendant, and identifying "Ford Motor Credit Company d/b/a Jaguar Credit," rather than Ford Motor Company, as a defendant. (First Amended Complaint ("FAC") ¶ 22.)[4]

On October 16, 2006, the Court entered the Pretrial Order setting a deadline for non-expert discovery in April 2007. Approximately 22 days later, on November 7, 2006, Ford Credit brought the current motion for summary judgment now before the Court. Subsequently, on November 21, 2006, Plaintiff moved for leave to file a Second Amended Complaint to add additional factual allegations and claims against Ford Credit, Stealth, and Mitchell.

On January 22, 2007, this Court granted Plaintiff leave to file a Second Amended Complaint. At the hearing on Plaintiff's motion for leave to amend the complaint, the Court inquired whether Plaintiff's amendments would have an effect on the pending motion for summary judgment. Ford Credit's counsel stated that Ford Credit was willing to allow Plaintiff to amend the complaint provided that the Court would permit Ford Credit to proceed on the pending motion for summary judgment. The Court noted that because Ford Credit filed its motion for summary judgment only 3 weeks after the issuance of the Pretrial Order, the Court would be inclined to grant a request by Plaintiff for more discovery under Rule 56(f). In response, Ford Credit's counsel opined that the issues presented in the motion for summary judgment did not raise any issues requiring additional discovery. Plaintiff's counsel represented that the new factual allegations regarding the relationship between Defendants did not effect Plaintiff's opposition to the pending motion for summary judgment.

## ANALYSIS

In this motion, Ford Credit moves for summary judgment on Plaintiff's FDCPA and

---

[4] In Plaintiff's Second Amended Complaint, he removed the factual allegation that Ford Credit was doing business as ("dba") Jaguar Credit. (SAC ¶ 23.) Plaintiff's current allegation is that he incurred the financial obligation to "Jaguar Credit" only. (*Id*.) In support of his contention that Ford Credit and Jaguar Credit Corporation are separate entities, Plaintiff presents Internet website printouts from the California Secretary of State indicating that Ford Credit and Jaguar Credit Corporation are registered as separate corporations. (Swigart Decl. ¶¶ 6, 7, Exhibits ("Exs.") 1, 2.)

2

...

1  RFDCPA claims.  As to the FDCPA claim, Ford Credit argues that: (1) it is not a "debt collector" for
2  purposes of the FDCPA; (2) Ford Credit's co-Defendants are not "debt collectors" for purposes of
3  the FDCPA; and (3) since Ford Credit is a "creditor" rather than a "debt collector," it cannot be held
4  vicariously liable for the alleged wrongful conduct of the co-Defendants.  As to the RFDCPA claim,
5  Ford Credit argues that under California Business and Professions Code § 7507.13(b), Ford Credit is
6  not liable for any act of its co-Defendants.  In opposition, Plaintiff has requested that the Court deny
7  Ford Credit's motion, pursuant to Federal Rule of Civil Procedure 56(f), in order to allow Plaintiff to
8  conduct additional discovery.  Plaintiff contends that he has not had an adequate opportunity to
9  obtain discovery because Ford Credit prematurely filed for summary judgment a mere 22 days after
10 this Court's Pretrial Order.  Plaintiff also contends that he could not have taken the depositions of
11 certain individuals who submitted declarations in support of Ford Credit's summary judgment
12 motion.

13 "Where ... a summary judgment motion is filed so early in the litigation, before a party has
14 had any realistic opportunity to pursue discovery relating to its theory of the case, district courts
15 should grant any Rule 56(f) motion fairly freely."  *Burlington N. Santa Fe Ry. Co. v. Assiniboine*
16 *and Sioux Tribes*, 323 F.3d 767, 773 (9th Cir. 2003).

17 Here, Ford Credit does not dispute that it first disclosed its employee, Chris Hawkins
18 ("Hawkins"), and Stealth's President, Jeremy Wade ("Wade") on October 30, 2006.  Hawkins and
19 Wade both provide material support for Ford Credit's motion for summary judgment that was filed
20 one week later on November 6, 2006.  Because Rule 26 is intended to provide relevant information
21 to the parties regarding claims and defenses, Plaintiff should have the opportunity to obtain
22 discovery regarding these recently disclosed material witnesses.  Additionally, the Court disagrees
23 with Ford Credit that Plaintiff has been dilatory in seeking discovery.  The record indicates that after
24 providing his own deposition, Plaintiff attempted to take the depositions of certain Ford Credit
25 employees.  However, given Ford Credit's objections, the parties had not come to an agreement on
26 the date for those depositions.  The record also indicates that Plaintiff had served written discovery
27 requests on Defendants as early as June 2006.  Given the timing of Ford Credit's motion and the
28 relatively early stage of discovery in this case, the Court finds Plaintiff's Rule 56(f) request to be

3

well taken.  Ford Credit's motion for summary judgment is premature.

## CONCLUSION

The Court **DENIES** Ford Credit's motion for summary judgment **WITHOUT PREJUDICE**.  The Plaintiff shall have 60 days from the issuance of this Order to obtain necessary discovery.  Defendants may re-file motions for summary judgment, if any, after that time.

**IT IS SO ORDERED.**

Dated: February 12, 2007

_____
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE